FILED
United States Court of Appeals
Tenth Circuit

September 5, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWARD BUSSIE,

Defendant - Appellant.

No. 13-2095

(D. New Mexico)

(D.C. Nos. 1:12-CV-00874-JCH-LAM
and 1:10-CR-03100-JCH-1)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Defendant Edward Bussie filed a motion for relief under 28 U.S.C. § 2255

in the United States District Court for the District of New Mexico. The district

court denied the motion. Defendant now seeks a certificate of appealability

(COA) from this court so that he may appeal the district court's decision. *See* 28

U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal denial of § 2255 relief). We

deny a COA and dismiss the appeal.

On July 15, 2011, Defendant pleaded guilty to carrying and using a firearm

in relation to a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A)(i). He was

sentenced to 60 months' imprisonment. On August 13, 2012, Defendant filed his

§ 2255 motion, arguing (1) prosecutorial misconduct during the plea bargain, and

(2) ineffective assistance of counsel. As ordered by the district court, the government filed a response on September 27.

On December 7, 2012, Defendant filed a motion for default judgment, claiming that he had never received a copy of the response. The district court denied the motion for default judgment because the docket showed that the government had filed a timely response. It also ordered that Defendant show cause why his case should not be dismissed because he had not notified the court of his current address. The magistrate judge recommended that Defendant's § 2255 motion be denied because (1) in his plea agreement he had knowingly and voluntarily waived the right to collaterally attack his sentence, and (2) defense counsel's performance was not deficient with respect to the plea agreement. The district court adopted the magistrate judge's recommendation. It rejected Defendant's argument that the § 2255 motion was not fully briefed because he did not receive a copy of the government's response when it was filed. The court observed that Defendant had not explained how he was prejudiced by the late receipt, and in any event, he admittedly received the response in early December, leaving him with several months to file a reply (which he never did).

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

In his request for a COA, Defendant does not challenge the merits of the district court's dismissal. Instead, he argues that the court abused its discretion by (1) denying his motion for default judgment and dismissing his claims even though the government did not serve him with its response until December 7, and (2) ordering him to show cause why his case should not be dismissed because of his failure to update his mailing address. He also appears to complain that his reply brief in support of his motion for default judgment was not properly processed or considered by the court, but the order denying the motion explicitly mentions the reply brief.

Reasonable jurists would not debate the district court's resolution of Defendant's claims. Even if the government served the response late, Defendant was not prejudiced because he still had about three months to file a reply before the magistrate judge issued her recommendation of dismissal. And the court ultimately did not dismiss Defendant's claims for failure to update his mailing address.

We DENY Defendant's application for a COA and DISMISS the appeal.

We DENY Defendant's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge